By the Court.*—Lott, P. J.
The plaintiff acquired the legal title to the qDremises in question under and by virtue of the deed to him from Isidore Cousselle. So far as apqiears from the case he was a tona fide purchaser for a valuable consideration, and there is no evidence that, at the time of the delivery of the said deed, the proj>erty was in possession of any person claiming under a title adverse to that of the grantor. It is shown that the said Nicholas L. Barlow himself bought the premises in 1856, of Mary Olney, then the owner thereof, and caused the conveyance thereof to be made to Mary Barlow, then his wife ; and the title thereto is regularly deduced by a deed from her to Cousselle, and from him to the plaintiff. No other deed or conveyance is shown. There is, therefore, no *120 ground or foundation for the position assumed by the defendant that there was any claim of title adverse to that of the grantor at the time either of the two last mentioned deeds was delivered to the grantees, or that either of them was selling a '“pretended right” to the premises.
It follows that the plaintiff’s deed entitled him to a recovery of the premises, unless the matters to which I shall hereafter refer are sufficient to defeat his claims to the possession thereof. It is found by the court below “that sometime in July, 1860, or 1861, said Nicholas Barlow made a verbal agreement with said Mary Barlow that the said property was to be considered as belonging to their child, Robert N. Barlow, and that said Nicholas L. Barlow was to act as trustee.” "
That agreement does not constitute a defense. It was made long after Mrs. Barlow acquired the title, and being verbal, it did not create a valid trust; and assuming, as the defendant’s counsel insists, that such a trust as was thereby intended might be proved by any writing subscribed by Mrs. Barlow declaring the same, if is sufficient to say that there is no finding by the referee of any such declaration, nor is there any evidence thereof in the case. The statement made by her in the complaint in the action by her against her husband for a limited divorce referred to in the findings, conceding it to have been subscribed and sworn to by her, was not declaratory of such a trust. On the contrary, it shows that she, on a request made to her by her husband, on or about July 23, 1861, to sign a power of attorney to convey the premises to their son, refused to do it. It therefore, so far as it may be considered as having reference to the the matter at all, instead of establishing tends to prove the non-existence of such a trust.
Nor does the allegation in that statement that her husband, being unembarrassed in his pecuniary circumstances, purchased the property and caused it to be conveyed to her for the purpose of securing a home for her and himself, in case of future misfortune in business, prove any interest in him. It at most shows that the object in having the title to it taken in the name of the wife was to pro *121 teefc it against the claims of future creditors, and proves a clear intention on his part to vest it absolutely in her as her separate estate, without any interest therein or right thereto on his part, evidently contemplating then that he and his wife would continue to live together, and consequently that the securing a home to her would secure one to himself.
It was also claimed on the part of the defendant upon the trial that there had been a partial performance by Nicholas L. Barlow of the parol agreement, and that this fact constituted an equitable defense to the plaintiff’s recovery.
All that is found by the court below tending to show such performance by him, is that he has “ claimed to hold and lease said premises under said verbal agreement, and on the first day of May, 1866, by a lease in writing and subscribed by him as such trustee, he leased and rented said premises to the defendant for the term of one year at the annual rent of $500.”
No benefit is shown to have resulted to Mrs. Barlow from any of these acts, nor that a refusal by her to carry out the agreement will operate as a fraud on the husband. He has no personal interest in the execution of the trust intended to be created thereby, and no consideration whatever passed at the time the agreement was made. There is, therefore, no sufficient ground for extending the benefit' of the equities of the doctrine of part performance of an agreement to the defendant in this case. It is indeed doubtful whether that doctrine can be applied to a case of trust;—see Rathbone v. Rathbone, 8 Barb., 106.
The views above expressed lead us to the conclusion that none of the exceptions taken by the defendant on the trial or to the findings are well. taken, and that the judgment of the city court is right, and should be affirmed.
Judgment affirmed with costs.

Present, Lott, P. J., and Barnard and Tappan, JJ.